## THE PEOPLE *v.* LAMB.

On the trial upon an indictment for murder, it is not error to instruct the jury that if they believe from the evidence the defendant killed the deceased without malice, either express or implied, and without any mixture of deliberation, this was manslaughter, and they should return a verdict to that effect. This instruction does not conflict with our statute, which says: "Manslaughter is the *unlawful* killing," etc., because every killing is presumed to be unlawful; and this presumption obtains in manslaughter as well as murder.

On trial for murder, the Court instructed the jury: "If you believe from the evidence that defendant killed the deceased, then to render said killing justifiable, it must appear that the defendant was wholly without any fault imputable to him by law in bringing about the commencing the difficulty in which the mortal wound was given," and that "if you believe from the evidence the defendant commenced the affray with the deceased in which the mortal wound was given, then his fear of danger, if really entertained, would not justify him, defendant, in taking the life of the deceased:" *Held*, that both instructions were right.

Appeal from the Fifth District.

Indictment for murder. The record contains no statement or bill of exceptions, and hence none of the evidence—consisting simply of the indictment, arraignment and plea, order of trial, instructions, verdict and judgment. As the first and second instructions noticed by the Court are given in syllabus numbers one and two, it is deemed useless to repeat them here. Defendant appeals from the judgment against him of manslaughter.

*S. A. Booker*, for Appellant, cited 1 Hale, 482; Wood's Dig. 331-2, secs. 29–31.

*Thos. H. Williams*, *Attorney General*, for Respondent, cited *People* v. *Moore* (8 Cal. 90).

Cope, J. delivered the opinion of the Court—Baldwin, J. concurring.

The defendant was indicted for murder and convicted of manslaughter. On the trial, the Court instructed the jury that if they believed from the evidence that the defendant killed the deceased without malice, either express or implied, and without any mixture of deliberation, this was manslaughter, and they should find a ver-

dict to that effect.   The statute says, that "manslaughter is the *unlawful* killing of a human being," etc.   We do not see that the instruction is in conflict with the statute.   Every killing is presumed to be unlawful; and this presumption obtains in manslaughter as well as in murder.   The absence of malice and deliberation distinguishes the former from the latter, but does not alter the presumption as to the unlawful character of the killing.   We think the objections to the first and second instructions given at the request of the District Attorney are also untenable.   "It may be observed," says Russell, "that a man cannot in any case justify killing another by a pretense of necessity, unless he were wholly without fault in bringing that necessity upon himself; for if he kill any person in defense of an injury done by himself, he is guilty of manslaughter at least." (1 Russ. on Crimes, 669.)   This doctrine is also laid down in other authorities, and we do not understand that the statute establishes a different rule upon the subject. (1 Hale, 482 ; 1 Hawk. 172.)

We see no error in the record, and the judgment is therefore affirmed.